**Nen Mei CHEN, Petitioner,**

v.

**Alberto R GONZALES,\* Attorney General of the United States, Respondent.**

No. 03–40147–AG NAC.

United States Court of Appeals, Second Circuit.

Oct. 27, 2005.

H. Raymond Fasano, New York, New York, for Petitioner.

Paul J. McNulty, United States Attorney, Eastern District of Virginia, Matt M. Dummermuth, Assistant United, States Attorney, Alexandria, Virginia, for Respondent.

PRESENT: WALKER, Chief Judge, PARKER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Nen Mei Chen, a native and citizen of China, petitions this Court for review of the June 10, 2003, decision of the BIA reversing an immigration judge's ("IJ's") grant of asylum and ordering Chen removed from the United States. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The BIA held that even if Chen's refusal to pay her parents' overbirth fine can be deemed resistance to a coercive population control program under 8 U.S.C. § 1101(a)(42), Chen did not suffer harm that "rises to the level of persecution as

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

contemplated by the [Immigration and Nationality] Act." In so holding, the BIA noted that Chen was "registered in her family's household registry, she was able to attend elementary school, junior high school, and more than 2 years of vocational school." The BIA further held that Chen did not have a well-founded fear of persecution because she presented insufficient evidence that the government imposed on her a "substantial economic disadvantage" (quoting *Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002)). In this regard, the BIA noted that while Chen's school would not issue her a recommendation for "certain prospective government jobs," she "never applied for any other jobs and she admitted that she never considered or investigated the possibility of working in non-governmental positions."

While the BIA addressed a number of the facts bearing on Chen's claim, it failed to consider, in the aggregate, all of the harm Chen described. In neither its past persecution analysis nor its well-founded fear analysis did the BIA address the impact of the 32,000 RMB fine that the Chinese government imposed on Chen personally as a result of her having been born in violation of China's population control policy. Nor did it address Chen's inability to obtain a marriage certificate or birth permit, or the government's ransacking of her house when Chen was fourteen years old. The BIA mentioned most of these facts at the start of its opinion, but it never explained how they bore on Chen's eligibility. Although economic persecution requires "substantial economic disadvantage," *Guan Shan Liao*, 293 F.3d at 70, the BIA cannot hold that this standard is not met without evaluating all of the relevant facts, and evaluating these facts cumulatively. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005) (holding that IJ erred in failing to consider relevant evidence, and in addressing the severity of each event in isolation, without considering its cumulative significance); Office of the United Nations High Commissioner for Refugees, *Handbook on Procedures and Criteria for Determining Refugee Status Under the 1951 Convention and the 1967 Protocol Relating to the Status of Refugees* ¶¶ 53, 201 (Geneva 1992).

Consequently, we grant the petition, vacate the BIA's order of removal, and remand the case to the BIA for it to consider Chen's claims of both past and future persecution in light of all the evidence in the record. Because we have vacated the final order of removal, Chen's pending motion for a stay of removal is denied as moot.